IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

No:_____

RONALD WHEELER

v.

UNITED STATES DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF INVESTIGATION

UNITED STATES DRUG ENFORCEMENT ADMINISTRATION

Case: 1:21-cv-00053
Assigned To : Unassigned
Assign. Date : 1/4/2021
Description: FOIA/Privacy Act (I-DECK)

## COMPLAINT

Plaintiff Ronald Wheeler brings this action under the Freedom of Information/Privacy Act 5 U.S.C. §§552(a), against Defendants Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI"), and the Drug Enforcement Administration ("DEA"), seeking disclosure of records relating to deceased subject Daniel Thomas, and waiver under 5 U.S.C. §§552(a)(4)(A)(iii) of all fees.

## JURISDICTION

1. This Court has jurisdiction pursuant to 5 U.S.C. §522(a)(4)(B).

## PARTIES

2. Plaintiff Ronald Wheeler is presently incarcerated at the State Correctional Institution at Somerset ("SMR"), Somerset, PA. 15510.

3. Defendants DOJ, FBI and DEA are federal agencies subject to 5 U.S.C. §522(a)(3).

## FACTS

4. On November 13, 1982, Daniel Thomas was shot and killed after exiting a bar in Bristol, Pennsylvania.

5. Based on information disclosed by state law enforcement agencies, area



2.

newspapers reported Thomas had been a major drug trafficker who became an informant after a 1977 conviction whose assistance led to the 1977 arrest by state and federal authorities of an area community activist on drug charges. Nov. 14, 21, 1982 Bucks Co. Courier Times articles, attached.

6. On April 28, 1983, Plaintiff was convicted of Thomas' murder and sentenced to death.

7. Plaintiff at all times maintained that he was innocent and had not killed Thomas.

8. During Plaintiff's jury trial, the state prosecutor elicited testimony that Thomas had testified in a federal drug trial against Plaintiff's brother in-law, Frank Osborne.

9. On April 21, 1988 Plaintiff's conviction became final after it was affirmed on direct appeal.

10. On January 14, 2005 Osborne died from injuries sustained during a car accident.

11. On February 20, 2019 and February 27, 2019 Plaintiff submitted FOIA Requests for disclosure of FBI file #872-293-E relating to Thomas. FOIA/PA Requests, attached.

12. Plaintiff sought waiver of all fees as the records were requested for personal not commercial use and Plaintiff is indigent.

13. On March 11, 2019 Defendants assigned FOIA Request No. 1430554-000 to the Requests. March 11, 2019 letter, attached.

14. On April 3, 2019 Defendants invoked 5 U.S.C. §552(b)(7)(A) contending the records are law enforcement records; there is a pending or prospective law enforcement proceeding, and release of the records could reasonably be expected to interfere with enforcement proceedings. Apr. 3, 2019 letter,

3.

attached.

15. Defendants however did not identify a pending or prospective law enforcement proceeding or how release of the records could interfere with enforcement proceedings.

16. Nor did Defendants assess whether any portions of the records were reasonably segregable.

17. Defendants also held that because no other responsive main files were found, assessing whether fees should be waived was unnecessary.

18. On April 18, 2019 Plaintiff appealed the April 3, 2019 decision to the Office of Information Policy ("OIP"). April 18, 2019 letter, attached.

19. On June 6, 2019 the OIP assigned No. DOJ-AP-2019-004336 to the appeal and affirmed Defendants' April 3, 2019 decision not to disclose. June 6, 2019 letter, attached.

20. Plaintiff has exhausted all administrative remedies.

## RELIEF

21. Plaintiff respectfully requests this Court:

(a) find Defendants' invocation of exemption 5 U.S.C. §522(b)(7)(A) is not justified;

(b) find Plaintiff is entitled under 5 U.S.C. §552(a)(4)(A)(iii) to waiver of all fees;

(c) enjoin Defendants from withholding records relating to FBI File #872-293-E Daniel Thomas;

(d) order disclosure of all records relating to FBI File #872-293-E Daniel Thomas.

Respectfully submitted

Ronald Wheeler

DATE: 12/29/20